UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH YAUGER, SR.,                      Case No. 1:18-cv-736
    Plaintiff,                            Black, J.
                                          Litkovitz, M.J.
    vs.

STATE OF OHIO, et al.,                    **REPORT AND**
    Defendants.                           **RECOMMENDATION**

Plaintiff, a resident of Sardinia, Ohio, brings this pro se action against the State of Ohio, the Commonwealth of Kentucky, "Kenneth W. Yauger a registered organization," and "unknown agents, employees, and officers of named defendants" (Doc. 1-1 at 1) alleging violations of his rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

1. Defendants converted children into property.
2. Defendants created accounts and entities without consent of plaintiff, and plaintiff was without knowledge.
3. Defendants continue to subject plaintiff's children and himself to the condition of slavery.
4. Defendants' agents, etc., took (stole) plaintiff's children under color of state law.
5. Defendants deprived plaintiff of rights and property under color of state law.
6. Defendants falsified court records to cover up their crimes.
7. Defendants stole private property.
8. Defendants continue to use intimidation and violence to further their political thievery.
9. In 2008 Commonwealth of Kentucky filed [a] false charge against plaintiff, stole his children, prevented me from court hearings, conducted sham legal proceedings, lied to me about the fact that they perceive children as property belonging to them, and then, afterwards, laughed about it.
10. Defendants deprived plaintiff of rights secured to him and guaranteed by the Constitution and laws of the United States.
11. Defendants have remained silent.

(Doc. 1-1 at PAGEID#: 7). As relief, plaintiff seeks "return of my children, my property,"

restoration of rights and correction of the record, and $3 billion, among other relief. (*Id.* at

PAGEID#: 8).

Plaintiff's complaint is subject to dismissal. First, to the extent plaintiff alleges the

Commonwealth of Kentucky filed false charges against him in 2008, this claim is time-barred.

Plaintiff's claim against the Commonwealth is governed by Kentucky's one-year statute of

limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Franklin v. Fisher*, No. 3:16-cv-P182, 2016

WL 4535665, at *3 (W.D. Ky. Aug. 30, 2016), *subsequently aff'd*, No. 16-6464, 2017 WL

4404624 (6th Cir. May 15, 2017) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th

Cir. 1990)). "Though the statute of limitations is an affirmative defense, a court may raise the

issue sua sponte if the defense is obvious from the face of the complaint." *Id.* (citing *Fields v.

Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002)). Plaintiff's complaint, filed in 2018, is well-

beyond the one-year statute of limitations contained in Ky. Rev. Stat. § 413.140(1)(a).

Therefore, this claim should be dismissed.

Second, plaintiff has failed to allege any facts showing how defendants Kenneth W.

Yauger and the unknown agents of the named defendants participated in any alleged violation of

his constitutional or statutory rights. Plaintiff's complaint provides no factual content or context

from which the Court may reasonably infer that the individual defendants violated plaintiff's

rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendants in the caption

of his complaint, plaintiff has failed to allege the specific actions each defendant allegedly took

to violate his rights. Many of plaintiff's allegations amount to legal conclusions that in

themselves are insufficient to give the defendants or the Court notice of the factual basis for

plaintiff's claims.

Third, plaintiff's claims against the State of Ohio and the Commonwealth of Kentucky

should be dismissed. Any form of relief sought against a State in federal court is barred under

the Eleventh Amendment unless the State has waived its sovereign immunity. *See Seminole

Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir.

2007). The State of Ohio has not constitutionally nor statutorily waived its Eleventh

Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524

(6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). Nor has the Commonwealth of Kentucky waived its immunity. *See Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, plaintiff's complaint against the State of Ohio and the Commonwealth of Kentucky should be dismissed.

Finally, the remainder of plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/30/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KENNETH YAUGER, SR.,      Case No. 1:18-cv-736
  Plaintiff,         Black, J.
             Litkovitz, M.J.

 vs.

STATE OF OHIO, et al.,
  Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).